**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Kohath Thaddaeus COTO, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 2006.

Filed Aug. 27, 2007.

---

Jeffrey M. Murray, Public Defender, for appellant.

Margaret K. Barker, Asst. Dist. Atty., and Michael W. Streily, Deputy Dist. Atty., for Com., appellee.

BEFORE: LALLY–GREEN, McCAFFERY, and KELLY, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellant, Kohath Thaddaeus Coto, appeals from the judgment of sentence imposed following his guilty plea conviction for the offense of firearms not to be carried without a license.[1] The issue we confront is which party, if any, bears the burden of proof on the grading of this

1. 18 Pa.C.S.A. § 6106(a)(1).

offense at sentencing. For the reasons set forth below, we hold that license eligibility is a matter of sentencing mitigation subject to proof by the defendant by a preponderance of the evidence. After careful review, we conclude that the sentencing court in this case properly graded Appellant's conviction as a felony. Accordingly, we affirm the judgment of sentence.

¶ 2 The relevant facts and procedural history underlying this appeal are as follows. While conducting surveillance on February 18, 2005, Police Officers Kavals, Mercurio and Pires observed Appellant look in their direction, remove a semi-automatic pistol from his right front jacket pocket and toss it to the ground. Officer Mercurio subsequently recovered the firearm, a loaded silver and brown Raven Arms Model MP–25 25 caliber semi-automatic pistol. The officers detained Appellant while they confirmed whether or not he possessed a permit to carry the concealed weapon. After the officers determined that he did not possess such a permit, the Commonwealth charged Appellant with the felony offense of firearms not to be carried without a license. On December 22, 2005, Appellant pled guilty to the felony charge. At Appellant's Guilty Plea and Sentencing Hearing, Appellant confirmed his understanding that the offense carried a maximum period of incarceration of seven years and a maximum fine of $15,000.00. (Notes of Testimony ("N.T.") Guilty Plea and Sentencing Hearing, 12/22/05, at 3). Following the prosecutor's recitation of the Commonwealth's evidence, the court proceeded to sentencing:

> [PROSECUTOR]: With that, the Commonwealth would rest.
>
> [DEFENSE COUNSEL]: No additions or corrections.
>
> THE COURT: Are you requesting presentence reports on either of your clients?

> [DEFENSE COUNSEL]: No, Your Honor.
>
> THE COURT: With regard to [Appellant]?
>
> [DEFENSE COUNSEL]: Thank you, Your Honor. [Appellant] has a zero prior record score. This is a probation case. We would ask the Court to impose a period of probation, terms and conditions to be set by the Court.
>
> THE COURT: [Appellant], at 200512975, the Court will sentence you at count one to a period of probation for three years[,] effective immediately[,] with the understanding that as a condition of your probation you will comply with all of the requirements of probation. Do you understand?
>
> [APPELLANT]: Yes.

(*Id.* at 6). Appellant did not file post-sentence motions, but did file a timely notice of appeal and now raises the following two issues for our review:

I. Did the trial court err when it sentenced [Appellant] without sufficient proof of the felony grading of 18 Pa.C.S.[A.] § 6106?

II. Did the trial court violate [Appellant's] due process rights guaranteed by both the United States and Pennsylvania constitutions by impermissibly shifting the burden of proof regarding eligibility to be licensed to carry a firearm as it pertains to the grading of 18 Pa. C.S.[A.] § 6106?

(Appellant's Brief at 5).

¶ 3 Both of Appellant's issues rely on Section 6106(b), under which the offense of firearms not to be carried without a license is downgraded to a misdemeanor if the defendant is otherwise eligible to possess a valid license and has not committed any other criminal violation. Appellant first posits that under the applicable statute, it

was the Commonwealth's burden to prove by a preponderance of the evidence, at a minimum, that Appellant was **ineligible** to obtain a license to carry a firearm. Appellant asserts that the Commonwealth failed to present any facts regarding Appellant's eligibility to be licensed to carry a firearm, and further that the trial court "completely failed to address the issue." (Appellant's Brief at 8). According to Appellant, the maximum possible grading supported by the evidence is that of first-degree misdemeanor. Consequently, Appellant concludes that the trial court imposed an illegal sentence.

¶ 4 The Commonwealth contends that by pleading guilty to the felony offense, Appellant conceded his ineligibility to possess a valid license to carry a concealed firearm. Thus, the Commonwealth asserts that the prosecution had no burden to establish Appellant's lack of eligibility to possess a license. (Commonwealth's Brief at 4). In its Rule 1925(a) opinion, the trial court notes that there is no record of any request or discussion by defense counsel regarding the downgrading of Appellant's plea from a felony to a misdemeanor. (Trial Court Opinion, dated March 28, 2006, at 4). Additionally, the trial court determined that the Commonwealth had fulfilled its duty of establishing the elements of the felony charge against Appellant and that the court had properly accepted Appellant's plea. (*Id.*) The court explained its holding as follows:

> The record is devoid of any evidence to establish that Appellant was 'otherwise eligible to possess a valid firearms license' as required by 18 Pa.C.S.A. § 6106(a)(2). Although Appellant had a zero prior record score, there are numerous factors set forth in 18 Pa.C.S.A. § 6109(e) which could have precluded Appellant from being eligible to carry a

firearm. In sum, there exists insufficient evidence to support a misdemeanor grading, whereas the requisite elements of the felony offense are a matter of record, and expressly conceded by Appellant in his guilty plea.

(*Id.*). We agree with the trial court's interpretation of the applicable statutes.

¶ 5 Initially, we note that Appellant is challenging the legality of his sentence. *See Commonwealth v. Tustin*, 888 A.2d 843, 845 (Pa.Super.2005) (reiterating that a claim of improper grading of offense challenges the legality of a sentence). Accordingly, Appellant did not waive these issues by failing to file post-sentence motions. *See id.*

¶ 6 Our scope of review of the trial court's statutory construction is plenary. *Commonwealth v. Bavusa*, 574 Pa. 620, 632, 832 A.2d 1042, 1049 (2003); *Commonwealth v. Fedorek*, 913 A.2d 893, 896 (Pa.Super.2006) (*en banc*). We are guided in our review by the Statutory Construction Act,[2] "which directs that the object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly. The clearest indication of legislative intent is generally the plain language of a statute." *Id.* at 897–98 (citations omitted). Additionally, "[l]egislative intent can only be derived by reading all sections of the statute together and in conjunction with each other and construed with reference to the entire statute." *Id.* at 898 (citation omitted).

¶ 7 As previously explained by our Supreme Court:

> In 1997, the Pennsylvania General Assembly amended Section 6106 of the Uniform Firearms Act (codified in the Crimes Code at 18 Pa.C.S. §§ 6101–

2. 1 Pa.C.S.A. §§ 1501–1991.

6126), which had previously graded as a felony of the third degree the act of carrying a firearm without a license. The amendment provided for grading of that same conduct as a misdemeanor of the first degree in certain circumstances-specifically, in circumstances where the person was "otherwise eligible" for licensure and the person had not "committed any other criminal violation."

*Bavusa, supra* at 623, 832 A.2d at 1043 (quoting 18 Pa.C.S.A. § 6106(a)). The relevant section of the Crimes Code provides:

§ 6106. **Firearms not to be carried without a license**

(a) **Offense defined.—**

(1) Except as provided in paragraph (2), ... any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but ... carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license **and** has not committed any other criminal violation commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6106(a) (emphasis added).

¶ 8 In *Bavusa, supra,* the Court concluded that "the amendatory factors providing for the lesser grading of a Section 6106 offense as a misdemeanor—license eligibility and non-commission of other criminal violations—were intended to be sentencing

factors, not a new element of the felony offense and not an affirmative defense." *Id.* at 624, 832 A.2d at 1044. The high court left the determination of which party has the burden of proving the proper grading for another day,[3] but did, however, provide the following guidance:

When the disqualifying factor is another criminal violation, it is unlikely that assigning a burden of proof would matter: there is either a disqualifying criminal violation or there is not. Such is the controlling situation here. With respect to license eligibility/ineligibility, however, the potential disqualifying factors are more numerous and more difficult of proof. The parties appear to agree that if this Court determines that a sentencing factors reading is the appropriate one, then the Commonwealth bears the burden of proof at sentencing by a preponderance of the evidence. But we are not so easily convinced that such was the intent of the General Assembly. Many of the license-disqualifying factors are very personal to the defendant and he certainly is in the better position to produce evidence on the subjects. In addition, **since we have concluded that the statute continues to define a presumptive felony offense, viewing license eligibility as a matter of sentencing mitigation subject to proof by the defendant may be the better reading.**

*Id.* at 644, 832 A.2d at 1056 (emphasis added). Upon review, we conclude that viewing license eligibility as a matter of sentencing mitigation subject to proof by the defendant is the better reading.

---

**3.** The Supreme Court also declined to "decide the merit of the Commonwealth's argument that the defendant should have a preliminary burden of producing some evidence that he has a proper reason for carrying a firearm," as required on a license application, before the Commonwealth is put to its proofs. *Id.* at 644 n. 12, 832 A.2d at 1056 n. 12.

¶ 9 The high court reiterated in *Bavusa, supra,* that the provisions of this statute define a presumptive felony offense. The Court then held that any evidence applicable to the exception provided in paragraph 2 is to be introduced at sentencing. *Id.* at 624, 832 A.2d at 1044. We now hold that the defendant has the burden to invoke application of the exception with a showing by a preponderance of the evidence that he or she would have been eligible to obtain a license to carry a concealed weapon had he or she applied for one.

¶ 10 The relevant statute regarding eligibility provides:

§ 6109. **Licenses**

(a) **Purpose of license.**—A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle throughout this Commonwealth.

* * *

(c) **Form of application and content.**—The application for a license to carry a firearm shall be uniform throughout this Commonwealth and shall be on a form prescribed by the Pennsylvania State Police.... One of the following reasons for obtaining a firearm license shall be set forth in the application: self-defense, employment, hunting and fishing, target shooting, gun collecting or another proper reason. The application form shall be dated and signed by the applicant and shall contain the following statement:

> I have never been convicted of a crime of violence in the Commonwealth of Pennsylvania or elsewhere. I am of sound mind and have never been committed to a mental institution. I hereby certify that the statements contained herein are true and correct to the best of my knowledge and belief. I understand that, if I knowingly make any false statements herein, I am subject to penalties prescribed by law....

* * *

(e) **Issuance of license.**—

(1) A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle and shall be issued if, after an investigation not to exceed 45 days, it appears that the applicant is an individual concerning whom no good cause exists to deny the license. A license shall not be issued to any of the following:

(i) An individual whose character and reputation is such that the individual would be likely to act in a manner dangerous to public safety.

(ii) An individual who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act.

(iii) An individual convicted of a crime enumerated in section 6105.

(iv) An individual who, within the past ten years, has been adjudicated delinquent for a crime enumerated in section 6105 or for an offense under The Controlled Substance, Drug, Device and Cosmetic Act.

(v) An individual who is not of sound mind or who has ever been committed to a mental institution.

(vi) An individual who is addicted to or is an unlawful user of marijuana or a stimulant, depressant or narcotic drug.

(vii) An individual who is a habitual drunkard.

(viii) An individual who is charged with or has been convicted of a crime punishable by imprisonment for a

term exceeding one year except as provided for in section 6123 (relating to waiver of disability or pardons).

(ix) A resident of another state who does not possess a current license or permit or similar document to carry a firearm issued by that state if a license is provided for by the laws of that state, as published annually in the Federal Register by the Bureau of Alcohol, Tobacco and Firearms of the Department of Treasury under 18 U.S.C. § 921(a)(19) (relating to definitions).

(x) An alien who is illegally in the United States.

(xi) An individual who has been discharged from the armed forces of the United States under dishonorable conditions.

(xii) An individual who is a fugitive from justice. This subparagraph does not apply to an individual whose fugitive status is based upon [a] nonmoving or moving summary offense under Title 75 (relating to vehicles).

(xiii) An individual who is otherwise prohibited from possessing, using, manufacturing, controlling, purchasing, selling or transferring a firearm as provided by section 6105.

18 Pa.C.S.A. § 6109 (2005) (amended 11/10/05).[4] *See also* 18 Pa.C.S.A. § 6105 (Persons not to possess, use, manufacture, control, sell or transfer firearms).

¶ 11 Appellant complains that placing the burden upon the defendant to establish license eligibility would require a defendant to prove "the negative of no less than fourteen factors," including, *i.e.*, that he is not a "habitual drunkard" or that he is not "addicted to" or an "unlawful user of marijuana or a stimulant, depressant or narcotic drug" or that he is not a "fugitive from justice" or "an alien." (Appellant's Brief at 18–19). Appellant insists it is the Commonwealth who has better access to this type of information and, thus, should bear the burden. In support of his interpretation of the applicable statutes, Appellant cites to the law of theft and related offenses pursuant to Chapter 39 of the Crimes Code. In particular, Appellant suggests that this Court's treatment of the burden of proof for Section 3903, Grading of theft offenses, constitutes a model for how the burden of proof should be treated for Section 6106, Firearms not to be carried without a license. Appellant points out that where the Commonwealth fails to set forth facts tending to establish the value of the property in theft cases, this Court has downgraded the charge for sentencing purposes. *Id.* at 20 (citing *Commonwealth v. Goins*, 867 A.2d 526, 529 (Pa.Super.2004) (holding where Commonwealth failed to introduce facts tending to establish the value of property, evidence was insufficient to support more serious grading of offense)). A comparison of the two statutes, however, reveals clear differences in their drafting and the legislators' intent.

¶ 12 Prior to a statutory amendment in 1974, Section 3903 specifically placed the burden of proof as to valuation upon the defendant. *Commonwealth v. McKennion*, 235 Pa.Super. 160, 340 A.2d 889, 891 (1975) (citing former 18 Pa.C.S.A. § 3903). *See also* 18 Pa.C.S.A. § 3903 Historical Note (stating the 1974 amendment deleted the words "the actor proves by a prepon-

---

4. In this Commonwealth, with the exception of the City of Philadelphia, a sheriff in the county where application has been made has the sole authority to grant or deny the application for a firearms license following an investigation. *See Moats v. Pennsylvania State Police*, 782 A.2d 1102, 1104 (Pa.Cmwlth. 2001), *appeal denied*, 568 Pa. 639, 793 A.2d 912 (2002) (explaining proper procedure to appeal denial of application).

derance that" in the opening paragraph of subsection (b)). The 1974 amendment now places the burden of proving valuation on the Commonwealth. *Commonwealth v. Walentoski*, 300 Pa.Super. 559, 446 A.2d 1300, 1303 n. 2 (1982); *Commonwealth v. Stauffer*, 239 Pa.Super. 463, 361 A.2d 383, 384 (1976). For our purposes, however, the difference lies in the type and presentation of evidence in cases where the charge is theft or a related offense versus a charge of firearms not to be carried without a license.

¶ 13 Under Section 3903, theft is presumptively graded as a misdemeanor with the burden placed on the Commonwealth to produce evidence for the fact-finder if it seeks to increase the seriousness of the offense for grading purposes. It is well settled, for example, that questions regarding whether the defendant was "in the business of buying or selling stolen property" within the meaning of 18 Pa.C.S.A. § 3903(a) and value are questions for the jury rather than questions for the court at sentencing. *Commonwealth v. Dodge*, 410 Pa.Super. 189, 599 A.2d 668, 672 (1991) (citing *Commonwealth v. Sparks*, 342 Pa.Super. 202, 492 A.2d 720 (1985))(remanding for resentencing where neither the question of whether the defendant was "in the business of buying or selling stolen property" nor evidence of the value of the rifles in question was submitted to the jury); *Commonwealth v. Hanes*, 361 Pa.Super. 357, 522 A.2d 622 (1987) (explaining Commonwealth is not required to establish precise market value of stolen property but, rather, must present evidence from which a reasonable jury may conclude that the market value was at least a certain amount). In *Sparks, supra,* this Court explained that these issues require "a factual determination intrinsically bound with the crime or crimes charged." *Id.* at 724.

¶ 14 In addition, we note that the Legislature drafted Section 3929, Retail theft, as a presumptively summary offense, which requires the Commonwealth to aver prior retail theft convictions in the information or indictment in order to enhance the grading of the conviction to a felony for a recidivist. *See Commonwealth v. Gibson*, 447 Pa.Super. 132, 668 A.2d 552 (1995) (remanding for sentencing where Commonwealth failed to allege prior retail theft convictions in information). As this Court explained: "[w]hile the evidence of prior offenses are not substantive elements of the crime of retail theft and need not be proven until the sentencing phase of the proceedings, the information must contain allegations of two or more prior convictions for retail theft to put the defendant on notice that she may be sentenced for a felony of the third degree." *Id.* at 556 (citations omitted).

¶ 15 In contrast, to convict a defendant of the felony offense of firearms not to be carried without a license under Section 6106(a)(1), the Commonwealth must present evidence at trial to prove beyond a reasonable doubt only: "(a) that the weapon was a firearm, (b) that the firearm was unlicensed, and (c) that where the firearm was concealed on or about the person, it was outside his home or place of business." *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa.Super.2004). The offense charged carries a presumptive felony grading. *Bavusa, supra* at 644, 832 A.2d at 1056. Under revised Section 6106, the felony grading is subject to a decrease at sentencing, not an increase. *Cf. Sparks, supra* at 724 (reasoning that proof of grade of the offense which could increase penalty by several years must not be handled in summary fashion at sentencing for such is a denial of due process). Furthermore, the factors delineated in Section 6109 are personal to the defendant and not "intrinsical-

ly bound with the crime or crimes charged." *Cf. id.*

¶ 16 In the case *sub judice*, the Commonwealth charged Appellant with a felony of the third degree, and the information provided Appellant with notice of the grading. Appellant pled guilty to the felony charge and indicated his understanding that the offense carried a maximum period of incarceration of seven years. (N.T. Guilty Plea and Sentencing Hearing, 12/22/05, at 3). At sentencing, defense counsel informed the court that she had no additional information or corrections to add to the Commonwealth's presentation of the evidence, nor did she desire a presentence report. Counsel informed the court that Appellant had a zero prior record score and asked the court to impose a period of probation. The court imposed a period of probation. Appellant received that which was requested.

¶ 17 Moreover, we disagree with Appellant's characterization of the burden placed upon defendants convicted under Section 6106. While the Commonwealth may check for prior convictions with relative ease, other factors indicative of eligibility are personal to the defendant and available through documentary evidence (*i.e.* proof of citizenship) and/or character witnesses. *See Bavusa, supra* at 644, 832 A.2d at 1056 (stating "[m]any of the license-disqualifying factors are very personal to the defendant and he certainly is in the better position to produce evidence on the subjects.").

¶ 18 Our decision is also buttressed by the reasoning set forth in *Commonwealth v. Sohmer*, 519 Pa. 200, 546 A.2d 601 (1988). In that case, our Supreme Court was confronted with the question of whether and potentially which one of the parties bore the burden of proving that a defendant was mentally ill at the time of the offense charged. The Court explained:

> If the new concept of guilty but mentally ill described in [18 Pa.C.S.A. § 314(a)] is in the nature of a distinct type of criminal offense or a basis for an enhancement of sentence, the burden would traditionally fall upon the Commonwealth, and the traditional burden would be proof beyond a reasonable doubt. In contrast, **if the legislature intended to** create a new defense in the area of mental illness or to **establish a mitigating factor, the burden would obviously be upon the defense and the appropriate proof requirement would be by a preponderance of the evidence.**

*Id.* at 208, 546 A.2d at 605 (emphasis added).[5]

¶ 19 Instantly, upon review of the relevant statutes and the case law interpreting them, we conclude that the Legislature intended to establish an opportunity for a defendant to present mitigating factors at sentencing following a conviction under 18 Pa.C.S.A. § 6106(a), which the Commonwealth would then be free to attempt to rebut. Thus, we hold that the defendant carries the burden to prove, by a preponderance of the evidence, that the exception under Section 6106(a)(2) applies, utilizing some or all of the factors enumerated in 18 Pa.C.S.A. §§ 6105 and 6109.

¶ 20 Based on the foregoing analysis, we conclude that the trial court in the instant case properly graded the offense as a felo-

---

**5.** In *Sohmer, supra,* the Pennsylvania Supreme Court reasoned that "the only effect of a verdict of guilty but mentally ill is to trigger an inquiry at the time of sentencing to determine the defendant's mental status at the time of the sentencing phase" and to provide treatment, if so indicated, as part of the sentence.

*Id.* at 211, 546 A.2d at 607. The Court concluded that the determination was a "penological concern" and neither an element of the substantive crime nor a factor in sentence grading. *Id.* Hence, the Court decided there was no need to assign a burden of proof to either party. *Id.* at 212, 546 A.2d at 607.

ny. Accordingly, we affirm Appellant's judgment of sentence.

¶ 21 Judgment of sentence affirmed.

¶ 22 LALLY–GREEN, J. concurs in the result.