J-A11038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KOBINA A.A. ANDERSON | |
| | No. 235 EDA 2015 |

Appeal from the Judgment of Sentence November 26, 2014
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0004005-2012

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 12, 2016**

The Commonwealth appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas after the trial court granted Appellee Kobina A.A. Anderson's petition to reconsider its original sentence for carrying a firearm without a license, graded as a third-degree felony.[1] The Commonwealth claims the trial court erred in grading the offense as a first-degree misdemeanor under 18 Pa.C.S. § 6106(a)(2) upon resentencing. We vacate the judgment of sentence and remand for resentencing.

The facts underlying Appellee's conviction were set forth at a guilty plea hearing.

> [O]n January 19th, 2012, about 4:20 in the afternoon, [Appellee] was driving a vehicle on the 2000 block of North

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6106(a)(1).

Broad. That vehicle had very dark window tint and the rear lights were inoperable.

[Appellee] was stopped. The police smelled a strong odor of marijuana in the vehicle. The police asked him if he had any drugs or contraband. He said he had some drugs in an Adidas vest which was in the backseat of the vehicle.

While recovering that, the police also recovered a 40 caliber Glock semi-automatic handgun which was underneath that vest. This gun was placed on a property receipt. It was operable. [Appellee] does not have a permit to carry a firearm.

N.T. Guilty Plea Hr'g, 6/12/14, at 14.

Appellee was charged with firearms not to be carried without a license, carrying firearms on public streets of Philadelphia,[2] and possessing a small amount of marijuana.[3] Appellee filed a motion to suppress on April 23, 2012. Consideration of the suppression motion was continued for pending appellate court decisions. On April 30, 2014, the trial court denied Appellee's motion to suppress indicating that a Pennsylvania Supreme Court decision had been issued.

On June 12, 2014, Appellee proceeded to a guilty plea hearing. Appellee completed a written colloquy indicating he would enter an open guilty plea to the violation of Section 6106, graded as a third-degree felony. Colloquy for Plea of Guilty / Nolo Contendere, 6/12/14, at 1; Written Guilty

---

[2] 18 Pa.C.S. § 6108.

[3] 35 P.S. § 780-113(a)(31).

Plea Colloquy, 6/12/14, at 1. The Commonwealth agreed to withdraw the remaining charges. Written Guilty Plea Colloquy at 1. During the in-court colloquy, the trial court apprised Appellant of the felony grade of the offense and the possible maximum sentence of seven years. N.T. Guilty Plea Hr'g at 4, 8. The court accepted Appellee's guilty plea, dismissed the remaining charges by *nolle prosequi*, and deferred sentencing for the preparation of a presentence investigation report.

At the September 4, 2014 sentencing hearing, Appellee's counsel indicated the following. Appellee was married, owned a home, and was employed. N.T. Sentencing Hr'g, 9/4/14, at 6. Appellee had a prior record score of zero, and this was his first adult arrest. *Id.* at 7-8. Appellee legally purchased the firearm three months before his arrest and at the time of his arrest, was returning from a gun range, but forgot to unload the weapon.[4] *Id.* at 9. Appellee was planning to obtain a license to carry a firearm, but was told he could not apply because of outstanding parking tickets or fines. *Id.* Additionally, Appellee's counsel indicated that Appellee immigrated from Ghana when he was three years old and was not yet a citizen. *Id.* at 8. Counsel acknowledged "there [were] some other immigration issues . . . ." *Id.* at 8, 11. The Commonwealth requested an

---

[4] *Cf.* 18 Pa.C.S. § 6106(b)(4) (creating exception to license requirement for "persons engaged in target shooting with a firearm, if such persons are at or are going to or from their places of assembly or target practice and if, while going to or from their places of assembly or target practice, **the firearm is not loaded**" (emphasis added)).

eleven-and-a-half to twenty-three month sentence. *Id.* at 14. The trial court sentenced Appellee to two years' reporting probation. *Id.* at 15.

On September 15, 2014, Appellee timely filed a petition for reconsideration of the sentence with the assistance of new counsel.[5] Appellee requested that the trial court "vacate and reconsider his sentence of the felony charge of 6106" because he "was otherwise eligible to obtain a permit to carry and therefore the charge . . . should've been reduced to a misdemeanor, M1." Appellee's Pet. for Recons. of Sentence, 9/15/14, at 1. Appellee asserted that he is "a resident alien and the conviction for a felony may affect his status in the United States." *Id.* The Commonwealth filed a letter opposing the post-sentence motion and arguing that Appellee (1) knowingly, intelligently, and voluntarily pleaded guilty to a felony offense, (2) committed other criminal violations while unlawfully carrying the firearm, and (3) presented no evidence that he was otherwise eligible to possess a valid license to carry a firearm under 18 Pa.C.S. § 6109. Commonwealth's Opp'n. to Appellee's Pet. for Recons. of Sentence, 10/16/14, at 2-4 (unpaginated).

---

[5] The tenth day after the September 4, 2014 sentencing hearing fell on a Sunday. Therefore, Appellee had until the following Monday, September 15, 2014, to file a post-sentence motion. *See* 1 Pa.C.S. § 1908 (establishing rules for computation of time); Pa.R.Crim.P. 720(A)(1) (stating general rule that a "written post-sentence motion shall be filed no later than 10 days after imposition of sentence").

The trial court held arguments on Appellee's petition on November 26, 2014. At the conclusion of the arguments, the court stated, "I'll vacate the guilty verdict of VUFA 6106 as a felony of the [third] degree, and will enter a verdict of VUFA 6106 as a misdemeanor of the first degree." N.T. Mot. Hr'g, 11/26/14, at 16. The court immediately resentenced Appellee to no further penalty.[6] *Id.*

The Commonwealth timely filed a motion for reconsideration of sentence on December 4, 2014. The Commonwealth asserted that the conviction was properly graded as a third-degree felony in light of Appellee's guilty plea and because Appellee failed to establish the factors for a reduction of the grade of the offense. The Commonwealth filed a supplemental motion for reconsideration of sentence on December 22, 2014, asserting the misdemeanor grading of the offense deprived it of the benefits of the plea agreement and seeking withdrawal of the guilty plea and reinstatement of all charges.

On January 15, 2015, forty-two days after the Commonwealth filed its original motion to reconsider, the clerk of the court erroneously issued an order indicating that **Appellee's** post-sentence motions were denied by operation of law. The Commonwealth filed a notice of appeal and Pa.R.A.P. 1925(b) statement on the following day. On April 21, 2015, the clerk of the

---

[6] Although the court's intent was to resentence under Section 6106(a)(2), its order and the docket reflect that the sentence was imposed for a violation of Section 6105. *See* Trial Ct. Op., 5/25/15, at 3 n.2.

court issued an order denying the Commonwealth's post-sentence motion by operation of law.[7]

The trial court, on May 26, 2015, filed a Rule 1925(a) opinion suggesting we affirm the amended sentence. The court, in relevant part, determined that "[i]n this case, no other offense, either prior or contemporaneous, was established by a conviction."[8] Trial Ct. Op., 5/26/15, at 5. The court further concluded that "the legislatively enacted mitigating factor 'otherwise eligible' under [Section 6106(a)(2)] required that the offense be graded as a[ first-degree misdemeanor]." *Id.*

The Commonwealth presents the following question for review:

---

[7] Although the Commonwealth took the appeal from the January 15, 2015, "order" and did not appeal the April 21, 2015 order denying its post-sentence motions, we regard as done that which should have been done and will not quash the Commonwealth's premature appeal. *See generally Johnston the Florist, Inc. v. TEDCO Const. Corp.*, 657 A.2d 511, 514-15 (Pa. Super. 1995) (*en banc*). Moreover, we observe that (1) the trial court granted Appellee's petition to reconsider the original sentence over the Commonwealth's objections, (2) the January 15, 2015 order apparently engendered confusion, and (3) an order disposing of the Commonwealth's post sentence motion was eventually docketed. Therefore, the holding and rationale of *Commonwealth v. Borrero*, 692 A.2d 158 (Pa. Super. 1997), do not require us to quash this appeal. *See Borrero*, 692 A.2d at 160 (quashing appeal filed by the defendant after he filed timely post-sentence motions but prematurely filed notice of appeal before the court ruled on the motion and no appropriate order was docketed at the time the appeal was considered).

[8] The trial court also concluded that the Commonwealth's claim that it was deprived of the benefit of the plea agreement was waived because it was raised in an untimely supplemental motion for reconsideration. Trial Ct. Op. at 2 n.1. The Commonwealth has not pursued that argument on appeal.

- 6 -

> Where [Appellee] pleaded guilty and was sentenced under § 6106 of the Uniform Firearms Act as a felony of the third degree, whether the lower court subsequently erred by (as the docket states) changing and replacing the offense under § 6106 with § 6105 graded as a first degree misdemeanor; or by (as indicated by the court) changing the § 6106 offense to a first degree misdemeanor?

Commonwealth's Brief at 4.

The Commonwealth asserts Appellee was not entitled to the first-degree misdemeanor grading under Section 6106(a)(2) for firearm not to be carried without a license. First, the Commonwealth argues that Appellee failed to produce evidence or prove he was otherwise eligible to possess a valid license to carry a firearm. *Id.* at 10. Second, it claims the record established that Appellee committed other criminal violations while carrying the firearm without a license. *Id.* at 13. The Commonwealth contends the trial court erred in concluding that only a conviction for another criminal violation will preclude a reduction of the grade under Section 6106. *Id.* at 12-13. We conclude that relief is due.

The Commonwealth's arguments raise questions of law over which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Mendozajr*, 71 A.3d 1023, 1027 (Pa. Super. 2013).

Section 6106(a) states:

**(a) Offense defined.—**

> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business,

without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and **has not committed any other criminal violation** commits a misdemeanor of the first degree.

18 Pa.C.S. § 6106(a)(1)-(2) (emphasis added).

In ***Commonwealth v. Bavusa***, 832 A.2d 1042 (Pa. 2003), the Pennsylvania Supreme Court held that Section 6106(a)(1) defines an offense that is presumptively graded as a felony of the third degree, while Section 6106(a)(2) constitutes a grading/sentencing provision. ***Id.*** at 1056. The Court concluded that the issue of "[w]hether the offense should be graded as a felony or a misdemeanor is a matter to be decided at sentencing." ***Id.***

In light of ***Bavusa***, a reduction in the grade of the Section 6106 offense from a presumptive felony to a misdemeanor requires consideration of two prongs, both of which must be met. ***See id***. First, the defendant "must be otherwise eligible to possess a valid license under this chapter . . . ." ***See*** 18 Pa.C.S. §§ 6106(a)(2), 6109(e)(1)(i)-(xiv); ***see also Commonwealth v. Coto***, 932 A.2d 933, 940 (Pa. Super. 2007). The defendant bears the burdens of production and persuasion regarding his license eligibility. ***Coto***, 932 A.2d at 940. Second, the defendant must not

have "committed any other criminal violation . . . ." **See** 18 Pa.C.S. § 6106(a)(2); **Bavusa**, 832 A.2d at 1056. We focus on the second prong.

Although the decisional law establishes that a "contemporaneous conviction" is sufficient to preclude application of Section 6106(a)(2), no decision has suggested that a conviction is necessary to negate that second prong. **See Bavusa**, 832 A.2d at 1056; accord **Commonwealth v. Scarborough**, 89 A.3d 679, 685 (Pa. Super.) (contemporaneous conviction for a Section 6108 offense prevents the misdemeanor grading of a Section 6106 offense), *appeal denied*, 102 A.3d 985 (Pa. 2014); **Mendozajr**, 71 A.3d at 1028 (same); **Commonwealth v. Derr**, 841 A.2d 558, 561-62 (Pa. Super. 2004) (contemporaneous conviction for driving under the influence precluded the misdemeanor grading of Section 6106 offense). Returning to the statute, we note that Section 6106 plainly speaks to "committing any other criminal violation," and not a conviction for such acts. **See** 18 Pa.C.S. § 6106(a)(2). Were Section 6106(a)(1) viewed as increasing the maximum possible sentence based on the grade of the offense, we would find more compelling the argument that a contemporaneous conviction, or at least a finding beyond a reasonable doubt, was necessary to establish the felony grade of the offense. **Cf. Bavusa**, 832 A.2d at 1061 (Saylor, J., concurring); **see generally Apprendi v. New Jersey**, 530 U.S. 466 (2000). However, **Bavusa** drew a narrow, but clear, theoretical line between Section 6106(a)(1) and (2), and separated Section 6106(a)(2) as a

provision for sentencing mitigation. We therefore agree with the Commonwealth that a contemporaneous conviction is not necessary to preclude mitigation under Section 6106(a)(2).

Having concluded a separate conviction is not necessary to bar application of Section 6106(a)(2), we could remand this matter for more detailed findings of fact and credibility on the second prong of Section 6106(a)(2). However, because the Uniform Firearms Act applies with special force in Philadelphia, a review of the instant record convinces us that a remand is not necessary for further proceedings on this issue.

Section 6108 of the Crimes Code defines the offense of carrying a firearm on the public streets of Philadelphia as follows:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
> (1) such person is licensed to carry a firearm; or
>
> (2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. § 6108. A Section 6108 offense is graded as a misdemeanor of the first degree. *See id.* §§ 6108, 6119.

In *Bavusa*, the Court described the interaction between Section 6106 and 6108.

> [W]hile the Section 6108 offense is based upon the same incident and general conduct as the Section 6106 offense, the statutes contain distinct and different material elements with respect to concealment and the geographic

location of the conduct: *i.e.*, concealment is an element of Section 6106(a) but not of Section 6108, while location in Philadelphia is an element of Section 6108 but not of Section 6106(a).

***Bavusa***, 832 A.2d at 1055-56.

Justice Nigro, who dissented in ***Bavusa***, suggested:

Based on the majority's conclusions, it would seem that a violation of Section 6108 in Philadelphia simultaneously establishes Section 6106 felony gradation, thereby precluding defendants who commit a Section 6106 offense within Philadelphia from misdemeanor gradation, although such conduct would constitute a misdemeanor everywhere else in the state. Thus, as a practical matter, the majority creates a disparate rule whereby violations of Section 6106 constitute a misdemeanor of the first degree, unless the violation occurs in Philadelphia, in which case the offense becomes a felony in the third degree.

***Id.*** at 1063 n.3 (Nigro, J., dissenting).

Subsequently, in ***Scarborough***, this Court rejected a defendant's claim that "his violation under Section 6106 would be a first degree misdemeanor if committed anywhere else in Pennsylvania except Philadelphia, and that such a geographical distinction violates his due process and equal protection rights." ***Scarborough***, 89 A.3d at 685. The ***Scarborough*** Court engaged in a rational basis review, and concluded that

the interplay of Sections 6106 and 6108, whereby a person who carries a concealed weapon in Philadelphia will always face enhanced sentencing exposure on a third degree felony, also addresses a legitimate state interest in curbing gun violence in Philadelphia. We find that the Legislature could legitimately amend Section 6106 to include carrying a concealed weapon in a city of the first class as a disqualifier for grading as a first degree misdemeanor.

- 11 -

> The interplay of Sections 6106 and 6108 simply accomplishes the same.

*Id.* at 687.

Instantly, Appellee pleaded guilty to a Section 6106 offense. Although the Section 6108 charge was dismissed by *nolle prosequi*, the same facts underlying his plea to Section 6106 establish that he committed a Section 6108 offense. Specifically, he was driving on a public street in Philadelphia—*i.e.* the 2000 block of North Broad Street—and was carrying a loaded firearm. *See* N.T. Guilty Plea Hr'g at 14. Under these circumstances, precedents constrain us to conclude that the trial court erred in its application of Section 6106(a)(2).

Lastly, we note that the trial court was also convinced that a sentence of no further penalty was appropriate. This Court has no basis to consider the discretionary aspects of that sentence. Therefore, we conclude only that Appellee's Section 6106 must be graded as a third-degree felony and remand this matter for resentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Shogan, J. Concurs in the Result.

Mundy, J. Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2016