J-S44038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARCHIE MCLEAN, | : | |
| | : | |
| Appellant | : | No. 1327 EDA 2017 |

Appeal from the Judgment of Sentence August 9, 2013
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0000309-2009

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED NOVEMBER 20, 2018**

Archie McLean ("McLean") appeals from the judgment of sentence imposed following the revocation of his probation.  Additionally, McLean's counsel, Todd M. Mosser, Esquire ("Attorney Mosser"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Mosser's Petition to Withdraw and affirm McLean's judgment of sentence.

On July 28, 2009, McLean entered a negotiated guilty plea to firearms not to be carried without a license, and possession of a firearm with manufacturer number altered at docket number 309 of 2009 ("309-2009").[1] In exchange for his plea, the remaining charges for receiving stolen property,

---

[1] ***See*** 18 Pa.C.S.A. §§ 6106(a)(1), 6110.2.

alter/obliterate mark of identification, and carrying firearms on public streets in Philadelphia were *nolle prossed*. On December 15, 2009, McLean was sentenced to an aggregate term of 22 days to 23 months in prison, followed by 3 years of probation. McLean did not file any post-sentence motions or a direct appeal.

McLean subsequently pled guilty to homicide by vehicle and driving under the influence at docket number 14071 of 2012 ("14071-2012"). On June 13, 2013, the trial court sentenced McLean to an aggregate term of 6 to 12 years in prison. The trial court conducted a *Gagnon II*[2] hearing on August 9, 2013, and found McLean to be in violation of his probation at 309-2009. The trial court revoked McLean's probation and resentenced him to an aggregate term of 3½ to 7 years in prison, to be served consecutively to the sentence imposed at 14071-2012.

On May 29, 2014, McLean, *pro se*, filed a Petition pursuant to the Post Conviction Relief Act ("PCRA") at docket number 309-2009. *See* 42 Pa.C.S.A. §§ 9541-9546. The trial court appointed Attorney Mosser as McLean's counsel.[3] Attorney Mosser filed an Amended PCRA Petition, seeking reinstatement of McLean's rights to file a post sentence motion and a direct appeal, *nunc pro tunc*. On March 30, 2017, the PCRA court reinstated

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[3] McLean subsequently filed two additional *pro se* PCRA Petitions, making substantially the same claims.

McLean's direct appeal rights, but denied his request to file a post-sentence motion.

On April 12, 2017, McLean, via Attorney Mosser, filed a Notice of appeal, *nunc pro tunc*. The trial court ordered McLean to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney Mosser filed a Pa.R.A.P. 1925(c)(4) Statement of intent to file an **Anders** brief in lieu of a Rule 1925(b) concise statement.[4] Attorney Mosser subsequently filed an **Anders** Brief and a Petition to Withdraw as Counsel. McLean neither filed a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing McLean's issues on appeal, we must determine whether Attorney Mosser has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to

---

[4] This Court dismissed McLean's appeal on November 2, 2017, due to Attorney Mosser's failure to file a Brief. On November 9, 2017, McLean, via Attorney Mosser, filed a Request to Reinstate his appeal, which this Court granted.

defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper ***Anders*** brief must

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the ***Anders*** Brief and the Petition to Withdraw reveals that Attorney Mosser has substantially complied with each of the requirements of ***Anders***/***Santiago***. ***See Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of ***Anders***). Attorney Mosser indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, Attorney Mosser's ***Anders*** Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in ***Santiago***. Finally, Attorney Mosser provided McLean with a copy of the ***Anders*** Brief and advised him of his rights to retain new counsel

or to raise any additional points deemed worthy of the Court's attention. Thus, Attorney Mosser has complied with the procedural requirements for withdrawing from representation. We next examine the record and make an independent determination of whether McLean's appeal is, in fact, wholly frivolous.

Initially, we note that

> [o]ur scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence. We further note that the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.

**Commonwealth v. Finnecy**, 135 A.3d 1028, 1031 (Pa. Super. 2016) (citations, quotation marks and brackets omitted).

In his first issue, McLean argues that the Commonwealth failed to present sufficient evidence to establish that he violated his probation. **See Anders** Brief at 8-9.

> A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at [the probation revocation hearing] and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the [fact-finder].
>
> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of

- 5 -

society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation. The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. … A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa. Super. 2014) (citations, quotation marks and brackets omitted).

Here, while on probation at 309-2009, McLean entered an open guilty plea to homicide by vehicle and driving under the influence at 14071-2012. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) (stating that a "[c]onviction of a new crime is a sufficient basis for a court to revoke a sentence of probation."). Accordingly, the Commonwealth produced sufficient evidence to prove that he violated his probation, and McLean's first issue is wholly frivolous.

In his second issue, McLean contends that the trial court imposed an illegal sentence by sentencing him on a charge that was *nolle prossed* by the

Commonwealth in exchange for his original guilty plea. *Anders* Brief at 9-10.

"When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Mendozajr*, 71 A.3d 1023, 1027 (Pa. Super. 2013) (citation and quotation marks omitted). "An illegal sentence must be vacated." *Commonwealth v. Mears*, 972 A.2d 1210, 1211 (Pa. Super. 2009) (citation omitted).

Here, McLean originally pled guilty to firearms not to be carried without a license and possession of a firearm with manufacturer number altered. Following the revocation of his probation, he was resentenced on the charge for firearms not to be carried without a license, which charge was not *nolle prossed*. Accordingly, the trial court did not sentence McLean on *nolle prossed* charges, and McLean's second claim on appeal is wholly frivolous.[5]

_____

[5] To the extent that McLean challenges the discretionary aspects of his sentence, *see Anders* Brief at 9-10, said claim is waived based on McLean's failure to raise it with the trial court during the sentencing proceedings or in a post-sentence motion. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003) (stating that "issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." (citation omitted)). Nevertheless, upon resentencing, the trial court has all options available to it as were available at the initial sentencing, and the trial court's sentence fell within the statutory maximum. *See* 42 Pa.C.S.A. § 9771. There is no evidence from the record to demonstrate that the trial court abused its discretion in imposing McLean's sentence.

Finally, our independent review discloses no other non-frivolous claims that McLean could raise on appeal. Accordingly, we grant Attorney Mosser's Petition to Withdraw, and affirm McLean's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/18