COMMONWEALTH of Pennsylvania, Appellant

v.

Manuel MENDOZAJR, Appellee.

Superior Court of Pennsylvania.

Argued March 19, 2013.

Filed July 23, 2013.

William G. Young, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Jennifer A. Santiago, Philadelphia, for appellee.

BEFORE: GANTMAN, J., LAZARUS, J., and OTT, J.

OPINION BY GANTMAN, J.:

Appellant, the Commonwealth of Pennsylvania, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following the open guilty plea of Appellee, Manuel Mendozajr, to the offenses of firearms not to be carried without a license and carrying firearms on public streets or public prop-

erty in Philadelphia.[1] The Commonwealth asks us to determine whether the trial court erred in downgrading the Section 6106 offense of firearms not to be carried without a license from a third-degree felony to a first-degree misdemeanor. Under the circumstances of this case, we hold the trial court improperly graded the Section 6106 offense as a first-degree misdemeanor because Appellee's contemporaneous Section 6108 conviction independently precluded the court from downgrading the Section 6106 offense from a third-degree felony to a first-degree misdemeanor. Accordingly, we vacate the judgment of sentence and remand for resentencing.

The certified record sets forth the factual basis of the plea in this case as follows:

[COMMONWEALTH]: Your honor, March 24th, 2011, at approximately 11:24 p.m. police in the 25th District were [in] the area of 7th and Erie Streets in Philadelphia and heard seven to eight gun shots in the area south. Other officers, Officer McKnight and White were also in the area.

Officers responded to the area at 8th and Venango and observed a complainant, Michael Bivens, with a gunshot wound to his right shin. Those officers gave out radio information that there was a found shooting.

Officers White and McKnight were in the area, received that information over police radio and observed a grey '98 Ford Crown Victoria traveling southbound coming from the direction where the shooting had occurred. They observed that the vehicle had bullet holes in the rear window and a bullet hole in the driver's side fender. [Appellee] was the driver of that vehicle that was pulled over. In the course of the car stop officers observed in the area next to the driver's seat, Officer White observed [Appellee] reaching in that area and that he was able to observe a firearm which was subsequently recovered. It was a silver/black Ruger .45 caliber handgun with an obliterated serial number. It was empty with a slide lock open. That was placed on property receipt 2968523 and later submitted to Firearm's Identification Unit.

Officer McKnight recovered from the passenger side floor a black and silver nine millimeter firearm with a double/POED that was jammed. That was placed on a property receipt and also submitted to the Firearm's Identification Unit.

The crime scene at 8th and Venango was processed by Philadelphia Police Detectives and multiple .45 caliber and nine millimeter caliber fire cartridge casings were recovered from that scene and submitted [to] the Firearm's Identification Unit.

Your Honor, I have what I'll mark as C–1 a ballistic's report which indicates that the .45 caliber casings that were recovered at the scene of the shooting, were a match to the gun that was recovered in the car [Appellee] was driving[,] to the right of [Appellee]. [Appellee] subsequently gave—well, at the scene of the arrest, indicated to Police Officer White that it was in fact his firearm and subsequently [Appellee] gave two statements to the police. The first I'll mark as C–2 which is a statement to Detective Newberg that was taken on 3/25/2011, at 3:20 a.m. which in sum indicates that [Appellee] knew his friend Michael Bivens the complainant in the shooting had been shot, but [Appellee] basically denied any sort of involvement in having a firearm. And a subsequent statement that [was] given to Detective Bartle, which I'll

---

1.  18 Pa.C.S.A. §§ 6106, 6108 respectively.

mark as C–3, that was taken on [3/26/2011], at approximately 2:00 a.m. [Appellee] indicates that he did in fact have a firearm and that he had his 45 gun on him and someone was shooting at his friend and [Appellee] shot and he discharged his firearm in that direction. So I would move those into evidence for the purposes of the plea and that's a summary of evidence. [Appellee's] pleading guilty to the possession of the 45.

[COURT]: Okay. [Appellee] was not otherwise eligible?

[COMMONWEALTH]: I'm sorry. I would mark as C–4 the certificate of non-licensure which indicates [Appellee] did not have a valid license to carry a firearm or a sportsman's firearm.

[APPELLEE'S COUNSEL]: May I be heard?

[COURT]: Yes.

[APPELLEE'S COUNSEL]: I would like to make one correction to what the Commonwealth stated with regard to C–2 in the first statement. It's wrong. My client didn't deny anything with the firearm in the first statement. [Appellee] stated that he found it next to his car and he picked it up and put it in his car after his friend, Mr. Bivens, had been shot and while they were trying to get him to the hospital.

[COMMONWEALTH]: That's correct. If the [c]ourt would like, I have copies of the statements if you would like to read them. In the later statement is when he admits that it was in fact his firearm.

(N.T. Guilty Plea Hearing, 8/9/11, at 12–16). Following the recitation of the facts, Appellee pled guilty to the two firearms offenses: Section 6106 as a third-degree felony, and Section 6108 as a first-degree misdemeanor. The parties agreed to waive the Pre–Sentence Investigation ("PSI") report and proceeded directly to sentencing. Appellee's counsel requested a sentence of only probation because Appellee had no prior record and maintained fulltime employment. Appellee apologized to the court and also emphasized his lack of prior record. The court questioned whether Appellee was "otherwise eligible for a firearms license" to downgrade Appellee's Section 6106 conviction from a third-degree felony to a first-degree misdemeanor. The Commonwealth argued Appellee was not entitled to a downgrade due to Appellee's companion Section 6108 conviction for carrying firearms on public streets or public property in Philadelphia, citing *Commonwealth v. Bavusa,* 574 Pa. 620, 832 A.2d 1042 (2003). The court rejected that argument. After conceding Appellee pled guilty to the Section 6106 offense as a third-degree felony, the court downgraded the Section 6106 conviction to a first-degree misdemeanor for purposes of sentencing and imposed three years' reporting probation.

On September 1, 2011, the Commonwealth timely filed a notice of appeal and a contemporaneous Rule 1925(b) statement.

The Commonwealth raises the following issue for our review:

WHERE [APPELLEE] ENTERED AND THE COURT ACCEPTED AN OPEN GUILTY PLEA TO 18 PA. C.S.A. § 6106 AS A FELONY OF THE THIRD DEGREE, DID THE [TRIAL] COURT ERR IN RECLASSIFYING THE OFFENSE AS A MISDEMEANOR AT SENTENCING WHERE [APPELLEE] ALSO CONTEMPORANEOUSLY PLED GUILTY TO 18 PA. C.S.A. § 6108 GRADED AS A MISDEMEANOR OF THE FIRST DEGREE?

(Commonwealth's Brief at 4).

The Commonwealth argues Appellee's contemporaneous guilty plea to a Section 6108 offense constituted an "other criminal

violation" that disqualified Appellee for reduced grading of his Section 6106 conviction. The Commonwealth claims Appellee had ample notice that the offense was graded as a third-degree felony because the charging documents listed the Section 6106 offense as a third-degree felony and Appellee pled guilty to the offense as a third-degree felony. The Commonwealth notes nothing in the plea agreement involved grading of the Section 6106 offense as a first-degree misdemeanor. The Commonwealth complains the trial court misplaced the burden on the Commonwealth to prove the Section 6106 offense should be graded as a third-degree felony. The Commonwealth reasons Appellee's conviction under Section 6106 was a presumptive third-degree felony, given Appellee's Section 6108 conviction, which was an "other criminal violation" such that his Section 6106 conviction could not be downgraded to a misdemeanor. The Commonwealth submits Appellee's contemporaneous guilty plea to the Section 6108 offense conclusively precluded misdemeanor grading for the Section 6106 offense. The Commonwealth concludes the trial court erred in *sua sponte* downgrading Appellee's Section 6106 conviction to a first-degree misdemeanor. We agree.

■■■ "A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super.2008) (citing *Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa.Super.2004)). When examining a challenge to the legality of a sentence, our scope and standard of review is as follows:

A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. *Commonwealth v. Robinson*, 931 A.2d 15, 21 (Pa.Super.2007) (*en banc*); *Com-*

*monwealth v. Randal*, 837 A.2d 1211 (Pa.Super.2003) (*en banc*). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Watson*, 945 A.2d 174, 178–79 (Pa.Super.2008) (quoting *Commonwealth v. Leverette*, 911 A.2d 998, 1001–02 (Pa.Super.2006)). When the legality of a sentence is at issue on appeal, our "standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa.Super.2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008).

*Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa.Super.2010) (*en banc*).

■■■ Section 6106 of the Crimes Code in relevant part provides:

**§ 6106. Firearms not to be carried without a license**

**(a) Offense defined.—**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6106(a)(1)-(2) (internal footnote omitted). "In 1997, the Pennsylvania

General Assembly amended Section 6106 ... which had previously graded as a felony of the third degree the act of carrying a firearm without a license. The amendment provided for grading of that same conduct as a misdemeanor of the first degree in certain circumstances-specifically, in circumstances where the person was 'otherwise eligible' for licensure **and** the person had not 'committed any other criminal violation.'" *Commonwealth v. Coto,* 932 A.2d 933, 935–36 (Pa.Super.2007) (internal citations omitted) (emphasis added).[2] Section 6108 states:

**§ 6108. Carrying firearms on public streets or public property in Philadelphia**

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. § 6108.

■ The seminal case interpreting Section 6106 is *Bavusa, supra,* which states a contemporaneous Section 6108 violation constitutes an "other criminal violation" within the meaning of Section 6106(a)(2), and operates to disqualify the Section 6106 conviction from misdemeanor grading at sentencing. *Id.* at 643, 832 A.2d at 1055–56. The court must decide on the grading of the offense at sentencing. *Id.* at 644–45, 832 A.2d at 1056. The determination of which party has the burden to prove the appropriate grading of a Section 6106 offense at sentencing is un-

necessary when the contemporaneous conviction is indisputable. *Id.* at 644, 832 A.2d at 1056. *See also Commonwealth v. Derr,* 841 A.2d 558 (Pa.Super.2004) (holding contemporaneous DUI offense qualifies as "other criminal violation" for purposes of supporting Section 6106 conviction graded as third-degree felony, even though criminal offense of DUI appears in Vehicle Code, and not in Crimes Code).

■ "When the disqualifying factor is another criminal violation, it is unlikely that assigning a burden of proof would matter: there is either a disqualifying criminal violation or there is not." *Id.* Under the circumstances of an "other criminal violation," the statute continues to define a Section 6106 offense as a felony offense. *Coto, supra* at 936 (citing *Bavusa, supra* at 644, 832 A.2d at 1056).

■ In the instant case, Appellee contemporaneously entered a guilty plea to a Section 6106 violation as a third-degree felony and a Section 6108 violation as a first-degree misdemeanor. Following entry of the open guilty plea, the parties waived preparation of a PSI and proceeded directly to sentencing. At that point, the trial court *sua sponte* raised an issue of grading the Section 6106 offense as a first-degree misdemeanor and placed the burden on the Commonwealth to prove Appellee should be sentenced on the Section 6106 offense as a third-degree felony. The court simply announced Appellee was "otherwise eligible" to possess a valid carry license and downgraded the Section 6106 conviction from a third-degree felony to a first-degree misdemeanor on that basis. Under prevailing law, however, Appellee's Section 6106 conviction was presumptively a felony because

---

**2.** Since the 1997 version of Section 6106, the legislature has subsequently amended Section 6106 in 2000, 2005, and 2008. Those amendments have not affected subsections (a)(1) or (a)(2).

of his contemporaneous conviction for the Section 6108 offense, which independently foreclosed the misdemeanor grading of his Section 6106 offense. *See id.*, at 630, 832 A.2d at 1048. Because the fact of Appellee's disqualifying Section 6108 conviction is indisputable, the court erred when it considered and assigned to the Commonwealth the burden to prove Appellee was not "otherwise eligible" for licensure. Likewise, the court erred when it downgraded Appellee's Section 6106 conviction to a first-degree misdemeanor based on the Commonwealth's failure to prove Appellee was not "otherwise eligible" for licensure. Under prevailing law, there was no necessity to consider the "otherwise eligible" aspect of the statute, as Appellee's contemporaneous Section 6108 conviction was an "other criminal violation" that alone disqualified the accompanying Section 6106 conviction from misdemeanor grading. *See id.*, at 643, 832 A.2d at 1055–56.

Based upon the foregoing, we hold the trial court improperly graded Appellee's Section 6106 offense as a first-degree misdemeanor because Appellee's contemporaneous Section 6108 conviction independently precluded the court from downgrading the Section 6106 offense from a third-degree felony to a first-degree misdemeanor. Accordingly, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.