J-S06020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTON LEE | : | |
| | : | |
| Appellant | : | No. 3660 EDA 2015 |

Appeal from the Judgment of Sentence November 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009913-2014

BEFORE:   MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 18, 2017**

Appellant, Anton Lee, appeals from the judgment of sentence of eleven and one-half to twenty-three months of incarceration, imposed November 4, 2015, following a bench trial resulting in his conviction for two violations of the Pennsylvania Uniform Firearms Act of 1995.[1]  Counsel for Appellant has also filed with this Court an application for leave to withdraw as counsel and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  We grant counsel's application for leave to withdraw and affirm the decision of the trial court.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Firearms not to be carried without a license, 18 Pa.C.S. § 6106, and Carrying firearms on public streets or public property in Philadelphia, 18 Pa.C.S. § 6108.

The relevant facts and procedural history are as follows. The underlying appeal arises from the order denying Appellant's motion to suppress evidence recovered incident to a traffic stop of Appellant by two Philadelphia Police Officers in a high crime area known for narcotics and gun violence. *See* Notes of Testimony (N.T.), 2/26/2015, at 9, 25. Around 6:46 p.m. on August 15, 2014, Officer D'Alesio was patrolling the area of 64th and Race Street in Philadelphia with his partner Officer Tumolo. N.T., 2/26/2015, at 6. The Officers observed Appellant disregard a stop sign on 64th street while traveling at a high rate of speed. *Id.* at 7, 24. The Officers considered the failure to stop at a stop sign a violation of the Motor Vehicle Code. *See id* at 7, 20*.* Thus, Officer D'Alesio operated his emergency lights and sirens to signal Appellant to stop, and he pulled over. *See id.* As the Officers approached Appellant's vehicle, they both observed the black handle of a firearm visibly protruding from underneath the passenger side seat. *See id.* at 8, 22, 26. Officer D'Alesio ordered Appellant out of the vehicle, placed him into handcuffs, and secured him in the back of the patrol vehicle. *See id.* at 22-23. Officer D'Alesio secured the firearm, which was loaded with sixteen live rounds. *See id.* at 10-11.

At the suppression hearing, Appellant testified that he was not pulled over for speeding but actually voluntarily pulled over because he thought that the police car was trying to pass him. *See id.* at 30. The Officers next asked for his insurance, and Appellant informed them that his license was suspended. *See id.* at 31. According to Appellant, the Officers ordered him

out of the car so that they could search the vehicle. *See id.* at 33. He testified that his gun was in a bookbag, and that the clip was in a separate pocket from the gun such that it was not loaded. *See id.* at 34-36. According to Appellant, the bookbag was between the third row of seats and the trunk area. *See id.* at 36. The court found the "Officers were consistent and the Officers exhibited no indications to [the court] that they were fudging their story or lying." *Id.* at 54. Thus, the court denied Appellant's suppression motion. *See* Order, 2/26/2015.

Following a bench trial in June 2015, Appellant was found guilty of the offenses charged. Appellant was sentenced as described above on November 4, 2015. Appellant timely filed a notice of appeal. The court did not issue an order pursuant to Pa.R.A.P. 1925(b) and did not issue an opinion in this matter.

Trial counsel filed an *Anders* brief and application to withdraw as counsel. The brief sets forth the following issues Appellant seeks to raise on appeal: (1) the court's denial of Appellant's suppression motion and (2) the proper grading for a conviction of 18 Pa.C.S. § 6106 when accompanied by a conviction for 18 Pa.C.S. § 6108. *See* Appellant's Br. at 3. Counsel's *Anders* brief contends that both issues are frivolous.

When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d

- 3 -

287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

- 4 -

In the instant matter, trial counsel's **Anders** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to the portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He explains his reasoning and supports his rationale with citations to the record as well as pertinent legal authority. Trial counsel avers he has supplied Appellant with a copy of his **Anders** brief and a letter explaining the rights pursuant to **Nischan**, **supra**.[2] Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issues Appellant raises are frivolous and to ascertain if there are other, non-frivolous issues he may pursue on appeal.

Appellant's first issue challenges the denial of his motion to suppress.

The issue of what quantum of cause a police officer must possess in order to conduct a vehicle stop based on a possible violation of the Motor Vehicle Code is a question of law, over which our scope of review is plenary and our standard of review is de novo. **Commonwealth v. Chase**, 960 A.2d 108, 112 (Pa. 2008). However, in determining whether the suppression court properly denied a suppression motion, we consider whether the record supports the court's factual findings. If so, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. **Commonwealth v. Hernandez**, 935 A.2d 1275, 1280 (Pa. 2007).

**Commonwealth v. Holmes**, 14 A.3d 89, 94 (Pa. 2011).

_____

[2] Appellant has not filed a response to counsel's **Anders** brief.

Our analysis of the appropriate quantum of cause required for a traffic stop begins with 75 Pa.C.S.A. § 6308(b), which provides:

> (b) **Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b). "Traffic stops based on a reasonable suspicion: either of criminal activity or a violation of the Motor Vehicle Code under the authority of Section 6308(b) must serve a stated investigatory purpose." *Commonwealth v. Feczko*, 10 A.3d 1285, 1290-91 (Pa. Super. 2010) (citing *Chase*, 960 A.2d at 116). For a stop based on the observed violation of the vehicle code or otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop. *Feczko*, 10 A.3d at 1291 ("Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation."). At the suppression hearing, the Officers testified credibly that Appellant disregarded a stop sign while traveling at a high rate of speed. N.T., 2/26/2015, at 6-7, 20, 24. Having observed a violation of the Code, the Officers had probable cause to initiate the traffic stop at that time.

Pennsylvania law recognizes that the need for a warrant to search a car may be excused by exigent circumstances. *Commonwealth v. Gary*, 91 A.3d 102, 191 (Pa. 2014) (noting "an exception to the warrant requirement when exigent circumstances exist, such as where there is a need for prompt police action to preserve evidence or to protect an officer from danger to his or her person") (citing *Commonwealth v. Holzer*, 389 A.2d 101, 106 (Pa. 1978)).

> [T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. *See Terry [v. Ohio],* 392 U.S. 1, 21 (1968).

*Commonwealth v. Morris*, 644 A.2d 721, 723 (Pa. 1994) (quoting *Michigan v. Long*, 463 U.S. 1032, 1049-50 (1983)). In *Terry*, the Supreme Court emphasized that "[t]he officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27. Here, the "proper inquiry is whether, under the totality of the circumstances, police possessed reasonable suspicion to conduct a *Terry* protective weapons search." *Commonwealth v. Buchert*, 68 A.3d 911, 916 (Pa. Super. 2013).

Based on the facts articulated by the Officers at the suppression hearing, the Officers had probable cause to stop Appellant for a violation of

the Motor Vehicle Code. *Feczko*, 10 A.3d at 1291. After observing a weapon in plain view in the vehicle, the Officers acted upon a reasonable belief that Appellant could gain control of a visible, loaded firearm. A protective weapons search of the interior of the car was permissible. *Buchert*, 68 A.3d at 916; *Long*, 463 U.S. at 1051. Therefore, under the totality of the circumstances, the warrantless seizure was justified for safety reasons. *Morris*, 644 A.2d at 723; *Terry*, 392 U.S. at 27. Accordingly, we discern no error of law or abuse of the suppression court's discretion.

Second, Appellant challenges the court's grading of his convictions.

> A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence.… If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. When the legality of a sentence is at issue on appeal, our standard of review is de novo and our scope of review is plenary.

*Commonwealth v. Mendozajr*, 71 A.3d 1023, 1027 (Pa. Super. 2013) (internal quotation marks and citations omitted).

Appellant was convicted contemporaneously of 18 Pa.C.S. § 6106 carrying a firearm without a license and § 6108. A contemporaneous conviction to carrying firearms on the public streets of Philadelphia independently foreclosed the court from grading the violation of Section 6106 as a misdemeanor. *Mendozajr*, 71 A.3d at 1028-29 (citing *Commonwealth v. Bavusa*, 832 A.2d 1042, 1056-57 (Pa. 2003) ("In light of appellant's contemporaneous conviction under Section 6108, the Section

6106(a) offense here was properly graded as a felony.")). Thus, the court graded Appellant's conviction under Section 6106 properly as a felony of the third degree.

We agree with Attorney Gessner that Appellant's claim is frivolous. We have independently reviewed the record, and find no other issues of arguable merit that Appellant could pursue on appeal. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2017