J-S12031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DYLAN TAYLOR WHITEHILL, | : | |
| | : | |
| Appellant | : | No. 774 MDA 2018 |

Appeal from the Judgment of Sentence April 23, 2018
in the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001524-2017

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: APRIL 30, 2019**

Dylan Taylor Whitehill ("Whitehill") appeals from the judgment of sentence imposed, and his lifetime registration requirement pursuant to the Sex Offender Registration and Notification Act ("SORNA"),[1] following his open guilty plea to aggravated indecent assault, and his negotiated guilty plea to indecent assault.[2] We affirm in part and vacate in part.

On January 26, 2017, M.H. ("the victim") disclosed to the Pennsylvania State Police that he had been sexually assaulted by Whitehill sometime between January 2006 and December 2008. The victim was between 5 and 7 years old at the time of the assault. Whitehill was between 15 and 17 years old at the time of the assault, and 26 years old at the time of the victim's disclosure. Whitehill was charged with one count of involuntary deviate sexual

_____

[1] **See** 42 Pa.C.S.A. §§ 9799.10-9799.41.

[2] 18 Pa.C.S.A. §§ 3125(a)(2), 3126(a)(7).

intercourse with a child, and two counts each of aggravated indecent assault and indecent assault.

On April 23, 2018, Whitehill entered an open guilty plea to the charge of aggravated indecent assault, and a negotiated guilty plea to the charge of indecent assault. On the charge of aggravated indecent assault, the trial court sentenced Whitehill to 11½ to 23½ months in prison. On the charge of indecent assault, Whitehill was sentenced, pursuant to the plea agreement, to a consecutive term of five years of probation. Additionally, Whitehill was ordered to comply with SORNA's registration requirements. Whitehill filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Whitehill raises the following issues for our review:

I. Was the sentence illegal because the imposition of mandatory lifetime sex offender registration violate[s] due process when imposed on individuals solely for their childhood conduct?

II. Was the sentence illegal because the imposition of mandatory lifetime sex offender registration constitutes cruel and unusual punishment when imposed for offenses committed by a child?

Brief for Appellant at 4.

Initially, we observe that "[w]hen the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Mendozajr***, 71 A.3d 1023, 1027 (Pa. Super. 2013) (citation and quotation marks omitted). "An illegal sentence must be vacated." ***Commonwealth v. Mears***, 972 A.2d 1210, 1211 (Pa. Super. 2009) (citation omitted).

Prior to addressing the issues raised by Whitehill, we *sua sponte* address whether our Supreme Court's holding in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), renders Whitehill's sentence illegal, as a violation of Pennsylvania Constitution's *ex post facto* clause. **See Commonwealth v. Butler**, 173 A.3d 1212, 1214 (Pa. Super. 2017) (stating that " a challenge to the legality of a particular sentence may be reviewed by any court on direct appeal; it need not be preserved in the lower courts to be reviewable and may even be raised by an appellate court *sua sponte*.") (citation, quotation marks and brackets omitted).

In **Muniz**, the defendant was convicted of indecent assault in 2007, at which time Megan's Law III was in effect. **See Commonwealth v. Muniz**, 164 A.3d 1189, 1193 (Pa. 2017). The appellant failed to appear for his sentencing hearing, and was not apprehended and sentenced until 2014, at which time SORNA was effective.[3] **Id.** The trial court sentenced the defendant and ordered him to comply with SORNA. On review, the Pennsylvania Supreme Court stated that SORNA effectively inflicted greater punishment than Megan's Law III, the statute in effect at the time the defendant committed his crimes. **Id.** at 1210-18. As a result, the Court held, retroactive application of SORNA to the appellant, who had committed his crimes prior to the enactment of SORNA, violated the *ex post facto* clauses of both the United States and Pennsylvania Constitutions. **Id.** at 1218, 1223.

---

[3] Megan's Law III was replaced by SORNA on December 20, 2012.

Here, Whitehill committed his crimes between 2006 and 2008, prior to the enactment of SORNA. Whitehill pled guilty to the offenses in 2018, after SORNA became effective in 2012. Similar to the appellant in *Muniz*, had Whitehill been sentenced prior to SORNA's enactment, he would have been subject to the less burdensome and stringent requirements of Megan's Law III. Because SORNA inflicts greater punishment than Megan's Law III, and the trial court retroactively applied SORNA to Whitehill, we conclude that applying SORNA to Whitehill would violate the *ex post facto* clause of the United States and Pennsylvania constitutions. ***See Muniz***, ***supra***. Accordingly, we vacate the trial court's judgment of sentence to the extent that it ordered Whitehill to comply with SORNA, and we remand to the trial court to determine Whitehill's registration requirements, in accordance with this Memorandum.[4]

Judgment of sentence affirmed in part and vacated in part. Remanded with instructions. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2019

---

[4] In light of our disposition, we need not address Whitehill's issues on appeal.