J-A16028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD EDWARD JORAY | : | No. 5 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 15, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001601-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD EDWARD JORAY | : | No. 6 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 15, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000438-2020

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED SEPTEMBER 07, 2021**

The Commonwealth appeals from the judgments of sentence entered
December 15, 2020, at two separate dockets, in the Dauphin County Court of
Common Pleas against Richard Edward Joray (Appellee) after he pled guilty to
two counts each of driving under the influence (DUI) and driving with a blood

---

[*] Former Justice specially assigned to the Superior Court.

alcohol content (BAC) of .02% or greater while license suspended, and one count each of accident involving damage to an unattended vehicle, turning movements and required signals, and having an open container of alcohol[1] (local Harrisburg ordinance). The Commonwealth challenges the legality of sentence imposed against Appellee for both DUI convictions. The trial court has requested remand. Trial Ct. Op., 2/3/21, at 2. We vacate Appellee's sentence and remand this matter to the trial court for further proceedings consistent with this memorandum.

We glean the following facts from Appellee's guilty plea proceedings on both dockets:

> On July 14th of 2019 [Appellee] attempted to back into a parking space. He missed and hit two vehicles. [Appellee] got out of the vehicle, told the one owner he was drunk and walked away from the scene. When officers detained [Appellee], they smelled alcohol; his eyes were glossy, [and he had] slurred speech. In the vehicle[, officers] found fresh vomit and [an] empty Miller Lite can. [Appellee] refused to provide [a blood draw to officers.]
>
> *    *    *
>
> [O]n August 9, 2019, [Appellee] was driving his vehicle while his license was [ ] suspended. He entered the lane of traffic without [signaling] and he was pulled over. [Appellee] smelled of alcohol, he had glossy eyes[,] and slurred speech again. Miller Lite was in his car. He showed signs of impairment during the field sobriety test. He did refuse [a] blood draw[.]

N.T. Guilty Plea & Sentencing, 12/15/20, at 5-6.

---

[1] 75 Pa.C.S. §§ 3802(a)(1), 1543(b)(1.1)(i), 3745(a), 3334(a); Harrisburg Local Ordinance 26-1980 § 3-347.2(A).

Appellee was charged at separate dockets for these incidents, and on December 15, 2020, appeared for a combined guilty plea and sentencing hearing on both. With respect to the July 14, 2019, incident (CP-22-CR-0001601-2020) involving damage to an unattended vehicle, Appellee pled guilty to DUI/general impairment and driving with a BAC of .02% or greater while license was suspended. Appellee's DUI conviction on this docket was graded as a **third** offense and first-degree misdemeanor. Appellee was sentenced to five years' probation.

Regarding the August 9, 2019, incident (CP-22-CR-0000438-2020), Appellee pled guilty to DUI/general impairment, driving with a BAC of .02% or greater while license was suspended, turning movements and required signals, and the local ordinance of having an open container. Appellee's DUI conviction on this docket was graded as a **fifth** offense and a third-degree felony. Appellee was sentenced to five years' probation. Both terms of probation were to run consecutive to each other and to prior DUI convictions Appellee had in York County, Pennsylvania. At the hearing, the trial court noted, "I did not give you the mandatory sentences, so the Commonwealth has every opportunity to appeal me [and] if they do, then [ ] we will have to resentence you." N.T., 12/15/20, at 12.

The Commonwealth filed a timely notice of appeal at each docket[2] on December 24, 2020. The Commonwealth timely complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion, agreeing that Appellee's sentence was illegal because his convictions carried mandatory sentences, prior to the Commonwealth filing its Rule 1925(b) statement. *See* Trial Ct. Op. at 1-3. On January 25, 2021, this Court consolidated both dockets.

The Commonwealth raises one issue on appeal:

> Whether the trial court imposed an illegal sentence where it: (1) amended the [DUI] charge at 1601 CR 2020 from a third degree felony to a first degree misdemeanor, which does not exist for a fourth of subsequent offense; and (2) failed to sentence Appellee to mandatory minimum sentences for his fourth and fifth offense [DUI] offenses?

Commonwealth Brief at 4 (footnote omitted).

The Commonwealth argues the trial court erred in failing to designate Appellee's present DUI convictions as his fourth and fifth offenses, and in not grading them both as third degree felonies. Commonwealth's Brief at 9. The Commonwealth also avers the trial court failed to impose the 10 day minimum mandatory sentences on each of Appellee's DUI convictions. *Id.* at 10. The Commonwealth insists the trial court "agreed that [its] failure to impose the

---

[2] The Commonwealth filed two separate notices of appeal pursuant to Pa.R.A.P. 341, thus complying with **Commonwealth v. Walker**, 189 A.3d 969, 977 (Pa. 2018) ("separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket").

statutorily required mandatory minimum sentence resulted in an illegal sentence[, and has] to be vacated." *Id.* at 11.

Appellee responds that his "guilty plea/sentencing hearing was marked by a great deal of confusion regarding the grading of the offenses[ and] the applicable mandatory minimum sentencing provision." Appellee's Brief at 7. He then "concedes" his present Dauphin County offenses should have been "graded as third degree felonies" and "classified as fourth and fifth offenses" under the DUI statute. *Id.* Nevertheless, Appellee avers the trial court never "stated the precise mandatory sentence" on the record. *Id.* at 8. He relies on the doctrine of judicial estoppel and insists the Commonwealth's failure to object to the imposed sentence and lack of post-sentence motion should bar its appeal contesting the sentence. *Id.* at 8-9.

As the grading and classification of these offenses is dependent upon relevant prior convictions, we also examine Appellee's York County convictions. On December 8, 2020, Appellee pled guilty to, *inter alia*, one count each of DUI/highest rate of alcohol, under Subsection 3802(c),[3] and DUI/general impairment, under Subsection 3802(a)(1). Appellee was charged with an additional count of DUI/general impairment, but this charge was *nolle prossed*. The York County Court of Common Pleas classified his conviction under Subsection 3802(c) as a second offense and his conviction under Subsection 3802(a)(1) as a fourth offense. *See* York County Criminal Dockets

---

[3] 75 Pa.C.S. § 3802(c).

CP-67-CR-0003045-2019, CP-67-CR-0007364-2019. Appellee's York County record is not presently before us, and that trial court's reasoning for these classifications is not apparent from the present Dauphin County record.

We note the relevant standard of review:

> "A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." When examining a challenge to the legality of a sentence, our scope and standard of review is as follows:
>
> > A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." When the legality of a sentence is at issue on appeal, our "standard of review is *de novo* and our scope of review is plenary."

***Commonwealth v. Mendoza***, 71 A.3d 1023, 1027 (Pa. Super. 2013) (citations omitted). A legality of sentence claim is not subject to waiver. ***Commonwealth v. Edrington***, 780 A.2d 721, 723 (Pa. Super. 2001) (illegal sentencing claim was not waived despite Commonwealth's failure to file a Rule 1925(b) statement).

Our Sentencing Code provides:

> The Commonwealth has the right to appeal directly to the Superior Court any order of court which imposes a sentence for violation of this section which does not meet the requirements of this section. The Superior Court shall remand the case to the sentencing court for imposition of a sentence in accordance with the provisions of this section.

75 Pa.C.S. § 3804(h).

Section 3804 of the Vehicle Code sets forth the mandatory minimum sentences for DUI offenses. 75 Pa.C.S. § 3804. We note the minimum sentence for a third or subsequent conviction under Section 3802(a)(1) (general impairment) includes imprisonment of not less than ten days, a fine of $500 to $5,000, and compliance with any drug and alcohol treatment requirements. 75 Pa.C.S. § 3804(a)(3)(i)-(iii).

First, we conclude the Commonwealth has not waived its illegal sentencing claim, as Appellee suggests. *See Edrington*, 780 A.2d at 723. Here, the trial court found Appellant's present DUI convictions were his third and fifth, yet imposed 5 years' probation on each, acknowledging it did not impose the mandatory minimum sentences. *See* N.T., 12/15/20, at 12. Thus, we vacate Appellee's convictions and remand for the trial court to determine the proper grading and number of offenses before imposing the appropriate minimum sentence pursuant to Section 3804. *See* 75 Pa.C.S. § 3804(h); *Mendoza*, 71 A.3d at 1027. The trial court shall address any factors that impact the propriety of the sentence imposed, including prior convictions. Because we remand to the trial court for factual findings in addition to resentencing, we need not address the Commonwealth's claim regarding how Appellee's convictions should be classified and graded.

We acknowledge the "great deal of confusion" surrounding Appellee's guilty plea and sentencing, *see* Appellee's Brief at 7; N.T., 12/15/20, at 5-10, and note that under 75 Pa.C.S. § 3804, penalties for DUI are imposed relevant to the subsection under which the Commonwealth has charged a defendant.

*See* 75 Pa.C.S. § 3804.[4]  Further, we note Appellee's argument of judicial estoppel.  However, an illegal sentence is simply illegal and we cannot choose to ignore its implications.  ***See Mendoza***, 71 A.3d at 1027 ("If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.  An illegal sentence must be vacated.").

We vacate Appellee's sentence and remand this case to the trial court for resentencing consistent with 75 Pa.C.S. § 3804.

Judgment of sentence vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/07/2021

---

[4] We also point out that "prior offenses" of DUI are defined at 75 Pa.C.S. § 3806.