J-S33011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES KING :
:
Appellant : No. 318 WDA 2023

Appeal from the PCRA Order Entered February 23, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003003-2018

BEFORE: BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: DECEMBER 12, 2023**

Appellant, James King, appeals from the post-conviction court's

February 23, 2023 order denying his timely-filed petition under the Post

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant raises two

claims of ineffective assistance of counsel. After careful review, we affirm.

Appellant was convicted, following a jury trial, of first-degree murder

(18 Pa.C.S. § 2502(a)), carrying a firearm without a license (18 Pa.C.S. §

6106(a)(1)), recklessly endangering another person (18 Pa.C.S. § 2705), and

tampering with physical evidence (18 Pa.C.S. § 4910(1)). Appellant's

convictions were based on evidence that he shot and killed Jamie Hines during

an argument. Appellant claimed at trial that he shot Hines in self-defense.

On March 7, 2019, Appellant was sentenced to an aggregate term of life

imprisonment, without the possibility of parole, followed by 3½ to 7 years'

---

[*] Former Justice specially assigned to the Superior Court.

incarceration. He timely appealed and, after this Court affirmed his judgment of sentence, our Supreme Court denied his petition for allowance of appeal on December 2, 2020. *See Commonwealth v. King*, 237 A.3d 443 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 242 A.3d 911 (Pa. 2020).

On June 3, 2021, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition on March 23, 2022. After the Commonwealth filed a response, the court issued a Pa.R.Crim.P. 907 notice of its intent to deny Appellant's petition without a hearing. On February 23, 2023, the court issued an order denying Appellant's petition. He filed a timely notice of appeal and complied with the PCRA court's subsequent order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court issued a statement in lieu of a Rule 1925(a) opinion indicating it was relying on the rationale set forth in its Rule 907 notice to support its denial of Appellant's petition. Herein, Appellant states one issue for our review: "Whether the [PCRA c]ourt committed legal error when it dismissed … [A]ppellant's [PCRA] petition without a hearing, as … [A]ppellant's counsel was ineffective both at trial and at sentencing?" Appellant's Brief at 3.

"This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he or she received ineffective

- 2 -

assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland** [**v. Washington**, 466 U.S. 668 … (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, … 66 A.3d 253, 260 ([Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali**, **supra**. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, … 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, … 10 A.3d at 291 (quoting **Commonwealth v. Collins**, … 957 A.2d 237, 244 ([Pa.] 2008) (citing **Strickland**, 466 U.S. at 694….)).

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014).

Here, Appellant first contends that his trial counsel was ineffective for failing to object, or request a cautionary jury instruction, when the prosecutor used "impermissibly suggestive terminology" by referring to the shooting as a "murder" and to the decedent, Hines, as the "victim." Appellant's Brief at 12. Appellant argues that, because he was claiming self-defense, the "proper classification of the killing [was] in dispute," and the Commonwealth's use of these terms prejudiced him, "as the jury [was] subtly dissuaded from considering more lenient verdicts." *Id.* (citing *Gee v. Kerestes*, 722 F.Supp.2d 617 (E.D. Pa. 2010) (finding it was improper for the prosecutor of a homicide case to refer to the defendant as a "murderer"); *Jackson v. State*, 600 A.2d 21, 24 (Del. 1991) (noting that "the word 'victim' should not be used in a case where the commission of a crime is in dispute")). Thus, Appellant claims that his counsel was ineffective for failing to object to these terms, and/or request that the court provide a cautionary instruction to the jury.

Initially, while Appellant does not directly quote the portions of the record where these allegedly improper terms were used, he does generally cite to pages in the trial transcript that show the word "murder" was used three times,[1] and the word "victim" was used multiple times over three pages

---

[1] *See* N.T. Trial, 12/4/18-12/6/18, at 141 (prosecutor's stating, "Now, there was a time about a week before the murder; is that correct?"); *id.* at 151 (witness Michael Perret stating, "To be honest, I thought it was a week, but it was the day before the murder."); *id.* at 261-62 (prosecutor's stating, "Lastly,
*(Footnote Continued Next Page)*

- 4 -

of testimony by Officer Milton Mulhulland.[2]  Defense counsel did not object to any of the references to Hines as the "victim," or to either of the first two mentions of the word "murder."  However, after the prosecutor's final use of the word "murder," *see* N.T. Trial at 262, defense counsel mentioned to the court that "[t]he terminology would be homicide at this stage." *Id.*  The court responded, saying, "Yes.  That is correct." *Id.*  The PCRA court construed counsel's remark as an objection to the Commonwealth's use of the word "murder," and Appellant offers no counter position herein.  *See* PCRA Court Rule 907 Notice, 2/1/23, at 2 ¶ 7.  Thus, we accept the court's conclusion that counsel effectively objected to that mention of the word "murder."

To the extent defense counsel failed to object to the other two mentions of the word "murder," object to Hines being called the "victim," or request a cautionary jury instruction, we agree with the PCRA court that Appellant has failed to demonstrate his counsel acted ineffectively.  As the PCRA court observed, in Appellant's petition, he cited only *Jackson* to support his ineffectiveness claim, which is a "non-binding case from Delaware."  PCRA Court Rule 907 Notice at 3 ¶ 9.  In that case,

> Jackson was convicted of unlawful sexual intercourse and other related offenses.  At trial he presented a defense of consent.  On appeal he argued[,] among other claims, that the prosecution's use of the term "victim" during the trial created the assumption

---

Your Honor, I would like to enter Commonwealth's Exhibit 46[,] which is a certification from the Pennsylvania State Police that [Appellant] did not have a valid license to carry a concealed firearm on the date of the murder.").

[2] N.T. Trial at 156-58.

before the jury that a crime was committed and that the sexual acts were not consensual. In *dicta*, the [c]ourt stated that the "word 'victim' should not be used in a case where the commission of a crime is in dispute." [***Jackson***, 600 A.2d] at 24. The appellate Court found the issue waived, but under Delaware law[,] the Court engages in further analysis to determine if "plain error" occurred necessitating relief. ***Id.*** Under this analysis, the ***Jackson*** Court found that there was no plain error[,] as the prosecutor used the term "victim" when questioning a law enforcement witness, [and "victim" is a term of art] routinely used in criminal indictments and criminal charges, and is synonymous with "complaining witness[."] ***Id.*** at 24-25.

***Id.***

Thus, the PCRA court concluded that the non-binding ***Jackson*** decision did not support Appellant's ineffectiveness claim, as "the term victim was analyzed using a completely different standard[,]" and "no error was found." ***Id.*** at 3 ¶ 10. Moreover, "[a]s ***Jackson*** only examined the use of the term [']victim,[' and Appellant] provided no authority in support of his claim regarding ineffectiveness for failing to object to or request a cautionary instruction for the Commonwealth's use of the word [']murder[,'"] ***id.***, the PCRA court found that Appellant had not established that his ineffectiveness claim had arguable merit, ***id.*** at 5 ¶¶ 14, 15.

We agree with the PCRA court's decision that ***Jackson*** is not binding, nor even persuasive support for Appellant's argument.[3] We also note that

_____

[3] This Court "is not bound by the decisions of federal courts, other than the United States Supreme Court, or the decisions of other states' courts…[.] [H]owever, we may use them for guidance to the degree we find them useful and not incompatible with Pennsylvania law." ***Commonwealth v. Lukach***, 163 A.3d 1003, 1009 n.5 (Pa. Super. 2017) (quoting ***Eckman v. Erie Ins.***
*(Footnote Continued Next Page)*

Appellant's citation on appeal to *Gee* is equally unconvincing. That case is also non-binding, and Appellant does not cite where in the decision the Circuit Court declared that it was improper for the prosecutor to refer to Gee as a "murderer" in closing arguments. Even if the Court suggested as much, it ultimately found that the remark "could not be considered unfair or unduly prejudicial" in light of the strong evidence of Gee's guilt, the absence of any other problematic statements in the prosecutor's closing, and the curative instruction by the court explaining that the attorneys' closing arguments were not evidence. *See Gee*, 722 F.Supp.2d at 625. Appellant does not elaborate on how the analysis in *Gee* applies to the facts at hand. Thus, he has not demonstrated that that non-binding decision supports his ineffectiveness argument.

Finally, we also discern no error in the PCRA court's alternative conclusion that Appellant failed to demonstrate he was prejudiced by the use of the at-issue terms. As the court noted, "[t]he uncontradicted evidence in this case was that [Appellant] fired the shot that killed the victim." PCRA Court Rule 907 Notice at 6 ¶ 19. The trial lasted three days, and eighteen witnesses were presented. Given this record, we cannot agree with Appellant that the jury's verdict was impacted by three limited references to the killing as a "murder," or by the characterization of Hines as a "victim" during three

---

*Exch.*, 21 A.3d 1203, 1207 (Pa. Super. 2011) (internal citation omitted)) (some brackets added).

pages of testimony by one witness. Additionally, as the Commonwealth

observes, the jurors were instructed

> that they were the sole judges of the facts, and that it was their responsibility to "weigh the evidence, find the facts from that evidence and then apply the rules of law [t]o decide whether or not [Appellant] has been proven guilty of the charges[.]"[] The court also instructed the jury that [A]ppellant was presumed innocent, and that this presumption remained unless and until the Commonwealth satisfied its burden "to prove [Appellant] guilty beyond a reasonable doubt[."] The court further informed the jury that the credibility of the witnesses was solely for the jurors to determine.
>
> \*\*\*
>
> The court further instructed:
>
>> Statements by counsel do not constitute evidence. The questions which counsel puts to witnesses are not, in and of themselves, evidence. Let me repeat that [a]gain. The questions which the lawyers ask witnesses are not, in and of themselves, evidence. It is the witnesses' answers that provide the evidence for you. You should not speculate or guess or assume that a fact may be true simply because one of the lawyers asks a question which assumes that a certain fact is true.
>
> The court informed the jury that "counsel's personal beliefs as to guilt or innocence or any other disputed questions are irrelevant and immaterial and should not be considered[."] The court instructed that "it is for you and you alone to decide the case based on the evidence as it was presented and in accordance with my instructions[."] The court instructed the jury that they "should not disbelieve the defendant's testimony simply because he is the defendant[."] As this Court is well aware, "[i]t is well settled that the jury is presumed to follow the trial court's instructions." ***Commonwealth v. Cash***, 137 A.3d 1262, 1280 (Pa. 2016).

Commonwealth's Brief at 17-19 (citations to the record omitted). Appellant

does not explain why this jury instruction was insufficient to ensure a fair trial,

or what further instructions his counsel should have requested. Thus, Appellant's ineffectiveness claim fails on the prejudice prong, as well.

Appellant next argues that "his counsel at sentencing was … ineffective, insofar as counsel failed to pursue the most favorable sentence available to [Appellant] for carrying a firearm without a license." Appellant's Brief at 15. He avers:

> While this offense is typically a felony, it may also be graded as a first-degree misdemeanor if the offender "is otherwise eligible to possess a valid license … and has not committed any other criminal violation." 18 Pa.C.S.[] § 6106(a)(2). The proper grading of a violation under this statute is a sentencing consideration, as § 6106(a)(2) provides a "possibility of lesser punishment" for "identical conduct in certain ameliorating circumstances." **Commonwealth v. Bavusa**, 832 A.2d 1042, 1051[] n.9. (Pa. 2003). Consequently, the proper time to argue the issue of proper grading is during a sentencing hearing.
>
> However, [Appellant's] sentencing counsel made no argument regarding the grading of the [section] 6106 violation, and accepted as a given the grading as a third-degree felony. [N.T.] Sentencing…[,] 3/7/2019[,] … at 3. [Appellant's] resulting claim of his counsel's ineffectiveness holds merit. At the time of the shooting, [Appellant] was otherwise eligible to possess a valid firearm license under [section] 6109(e), but his sentencing counsel presented no evidence of his eligibility. **Id.** The crime must necessarily be viewed and graded as to the time of its occurrence; to allow contemporaneous offenses to disqualify a [section] 6106 violation from a misdemeanor grading would be to implicate *post hoc* and *ex post facto* concerns. At the time of the shooting, [Appellant] had committed no other criminal offense, meaning his counsel had no reasonable strategic basis for failing to argue for a misdemeanor grading. Additionally, [Appellant] received a sentence of three to six years of incarceration for the [section] 6106 violation, but had this offense been graded as a first-degree misdemeanor, the maximum sentence would have been five years. 18 Pa.C.S.[] § 1104(1). Counsel's failure to argue the grading of the offense thus served to prejudice [Appellant], as he would have benefited from a lesser sentence,

and the outcome of the sentencing hearing would have been different had counsel been effective. [Appellant] has therefore, met each element of the **Pierce** test with respect to his counsel's ineffectiveness at sentencing, and was at the very least entitled to a hearing to determine the necessary relief on this claim.

***Id.*** at 15-16.

Again, Appellant's argument is unconvincing. Section 6106(a) reads:

> **(a) Offense defined.--**
>
> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.
>
> (2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license ***and has not committed any other criminal violation*** commits a misdemeanor of the first degree.

18 Pa.C.S. § 6106(a) (emphasis added).

The PCRA court rejected Appellant's ineffectiveness claim, reasoning:

> A plain reading of the statute demonstrates that [Appellant's] claim is without merit. Although sentencing counsel did not provide any evidence that the [Appellant] was otherwise eligible to possess a valid license, regardless of whether any such evidence existed, sentencing counsel cannot be deemed ineffective because [Appellant] was convicted of murder using the firearm, hence another criminal violation. Therefore, sentencing counsel would not have been able to satisfy the statute and the [section 6106] conviction was properly graded as a[ third-degree felony].

PCRA Court Rule 907 Notice at 7 ¶ 22.

We discern no error in the court's decision. In **Bavusa**, our Supreme Court concluded that the "felony grading" under section 6106 "was appropriate … because [Bavusa] was adjudged to have committed another criminal violation **contemporaneously** with his [s]ection 6106 offense – namely, the [s]ection 6108 violation for carrying firearms on the public streets in Philadelphia." **Bavusa**, 832 A.2d at 1056 (emphasis added). This Court has also found that simultaneous crimes preclude application of the lesser grading under section 6106(a)(2). **See Commonwealth v. Scarborough**, 89 A.3d 679, 685 (Pa. Super. 2014) (stating that Scarborough's "**simultaneous violation** of carrying a firearm on the streets of Philadelphia was the 'other criminal violation' that prevented him from being charged under [s]ection 6106 as a first[-]degree misdemeanor and instead being charged as a third[-]degree felony") (emphasis added); **Commonwealth v. Mendozajr**, 71 A.3d 1023, 1028-29 (Pa. Super. 2013) (concluding that Mendozajr's "**contemporaneous conviction** for [a s]ection 6108 offense … independently foreclosed the misdemeanor grading of his [s]ection 6106 offense") (emphasis added). Here, Appellant committed his section 6106 offense simultaneously with other crimes, including murder. Consequently, his sentencing counsel had no legal basis for seeking a first-degree-misdemeanor grading for that offense, and did not act ineffectively.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/12/2023