J-S23004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHEEM REED | : | |
| | : | |
| Appellant | : | No. 2202 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 15, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006144-2023

BEFORE: STABILE, J., MURRAY, J., and SULLIVAN, J.

JUDGMENT ORDER BY STABILE, J.: **FILED OCTOBER 10, 2025**

Appellant, Raheem Reed, appeals from the judgment of sentence imposed on April 15, 2024, by the Court of Common Pleas of Philadelphia County. He challenges the grading of his conviction for unlawful contact. As all parties agree that Appellant is entitled to relief, we vacate the judgment of sentence and remand for resentencing.

The facts are not in dispute. Following a non-jury trial, Appellant was convicted of unlawful contact with a minor, graded as a felony of a second degree, and corruption of minors. He was found not guilty of the remaining nine charges. The trial court sentenced Appellant to an aggregate two to four years' imprisonment, followed by three consecutive years of probation. Appellant filed a post-sentence motion, which was denied by operation of law. This appeal followed. On appeal, Appellant argues that the grading of his unlawful contact conviction should be a felony of the third degree in

accordance with 18 Pa.C.S.A. § 6318(b) because he was not convicted of the underlying offense of solicitation – sexual abuse of children (photographing, videotaping, depicting on computer or filming sexual acts).  **See** Appellant's Brief, at 1.

"A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence."  **Commonwealth v. Mendozajr**, 71 A.3d 1023, 1027 (Pa. Super. 2013).  Section 6318 provides:

> (a)  **Offense defined**.—A person commits an offense if he is intentionally in contact with a minor . . . for the purpose of engaging in an activity prohibited under any of the following[:]
>
> > (1)  Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).
>
> * * * *
>
> > (5)  Sexual abuse of children as defined in section 6312 (relating to sexual abuse of children).
>
> * * * *
>
> (b)  **Grading.**—A violation of subsection (a) is:
>
> > (1)  an offense of the same grade and degree as the most serious underlying offense in subsection (a) for which the defendant contacted the minor; or
> >
> > (2)  a felony of the third degree
>
> whichever is greater.

18 Pa.C.S.A. § 6318 (effective Jan. 1, 2007 to Feb. 11, 2024).

Here, Appellant was charged under Subsection 6318(a)(1).  The Commonwealth did not charge Appellant separately with an offense under

Chapter 31 (relating to sexual offenses). As such, the grading of the conviction should be a felony of the third degree. **See** 18 Pa.C.S.A. § 6318(b)(2). Although the Commonwealth charged Appellant with sexual abuse of children, he was not charged with Subsection 6318(a)(5). Even if Appellant was charged under Subsection 6318(a)(5), he was acquitted of the underlying offense; therefore, the grading of unlawful contact would be a felony of the third degree. **See Commonwealth v. Pope**, 216 A.3d 299, 306 (Pa. Super. 2019) (where Appellant is acquitted of an underlying offense enumerated in 6318(a), the appropriate grading of unlawful contact is the default felony of the third degree).

In either scenario, Appellant's conviction for unlawful contact should be a felony of the third degree. Both the trial court and the Commonwealth agree. Therefore, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Remand for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2025